UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JERROLD EUGENE DUBOSE,

                      Plaintiff,                           **ORDER**

        -against-                                          26-CV-1816 (NRM) (CHK)

NEW YORK PRESBYTERIAN;
CASES INC.; JESSICA GELFANE;
BENEFICIARIES SUBSUDIES SUBSIDARIES
SUBJECT INTER ALIA,

                      Defendants.
------------------------------------------------------------------X

JERROLD EUGENE DUBOSE,

                      Plaintiff,

        -against-                                          26-CV-1825 (NRM) (CHK)

CITY OF NEW YORK; MAYOR LEROY ADAMS;
APPLE INC.; SNIPES; FAMILY DOLLAR;
75TH PRECINCT, *inter alia*,

                      Defendants.
------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

In each of the above-captioned actions, *pro se* Plaintiff Jerrold Eugene Dubose has filed a motion to proceed *in forma pauperis* ("IFP"). Both cases were filed in the United States District Court for the Southern District of New York before being transferred to this Court. In the first case, Dubose brings, *inter alia*, fraud and unjust enrichment claims; in the second, Dubose sues for deceptive business practices, among other claims. For the reasons discussed below, Plaintiff's request to proceed

1

IFP is denied, and he is granted fourteen (14) days from the date of this Order to submit a Long Form IFP application or to pay the filing fee.

### DISCUSSION

Under 28 U.S.C. § 1915, an individual may bring a lawsuit "without prepayment of fees" if they submit an affidavit testifying to their inability to pay such fees. 28 U.S.C. § 1915(a)(1). One need not be "absolutely destitute to enjoy the benefit of the statute . . . . an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (citation modified). A plaintiff proceeding IFP may have their case dismissed if the court finds that "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

In both cases, Dubose attests to receiving $900 per month from Social Security benefits — he reports no regular monthly expenses, including those related to housing, loan payments, transportation or utilities. *See* Req. to Proceed In Forma Pauperis, 26-CV-1816 (NRM) (CHK) (S.D.N.Y. Feb. 4, 2026), ECF No. 2; Req. to Proceed In Forma Pauperis, 26-CV-1825 (NRM) (CHK) (S.D.N.Y. Feb. 5, 2026), ECF No. 2. Based on the information provided, it is not clear whether Dubose is actually unable to pay the filing fees ($810 total) required to bring the above-referenced actions. Thus, if he wishes to proceed without prepayment of fees, he must file a Long Form IFP application.

### CONCLUSION

2

Plaintiff's IFP application is DENIED without prejudice. To proceed with either of these actions, Plaintiff must — within fourteen (14) days of this Order — either (1) pay the requisite filing fees to the Clerk of Court of the United States District Court for the Eastern District of New York; or (2) file a Long Form IFP application detailing his financial status and demonstrating his indigency.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with blank Long Form IFP applications, and to note the mailing on the docket. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　*/s/ Nina R. Morrison*
　　　　　　　　　　　　　　　　　　　　　　NINA R. MORRISON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　　　April 3, 2026
　　　　　　Brooklyn, New York

3